IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 24-CR-14-03 |
| : | |
| DERRELL JOHNSON : | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING

In its response in opposition to Mr. Johnson's continuance motion, the government notes, without explanation or justification, that the requested 60 days is "excessive and unreasonable." Mr. Johnson was found guilty of the non-violent offense of lying to an FBI agent. He has no prior criminal record and poses no danger to anyone. As a result of the conviction, he has lost his job, his professional licenses, and his home. He and his wife and young children are currently residing in an Air B&B property. Continuing his sentencing will not result in any danger to the community or harm in any way. The government then goes on its response to presume that its requested sentencing date of April 28, 2025, will give defense counsel "more than enough time" to prepare for sentencing. The government cannot, and does not, speak for defense counsel and what may or may not be "more than enough" time for her to properly represent her client, and the court should reject the attempt to do so.

Federal Rule of Criminal Procedure 32 provides a timing framework for the disclosure of the presentence investigation report. The minimum notice requirement states that parties must be given the report at least 35 days before sentencing unless the defendant waives this minimum time period. Mr. Johnson does not waive this minimum time period. Thereafter, the parties have 14 days after receiving the presentence report to file written objections. As stated

in Mr. Johnson's motion for continuance, there is going to be, at the very least, one objection filed with regard to the government's requested loss amount. Once objections are filed, the parties and probation should at least attempt to resolve them prior to involving the court at the sentencing hearing itself if possible -- and issues related to financial penalties will no doubt involve review of documents and discovery purported to support any requested loss or restitution amount. If the court grants the government's request for a sentencing date of April 28, 2025, it is almost guaranteed that another motion for continuance will be filed. What harm does it do to grant a continuance of the sentencing hearing? This is only Mr. Johnson's second motion to continue the hearing – hardly "excessive" or "unreasonable."[1] Even if the court does not wish to give the defendant 60 days, it is respectfully requested that the court consider granting at least a 45-day continuance from the April 8 date.

      WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that defendant Johnson's motion for continuance be granted.

Respectfully submitted,

DATE: March 7, 2025

*/s/ Rhonda Pantellas Lowe*
Rhonda Pantellas Lowe
Counsel for Derrell Johnson

---

[1] *Cf. , e.g., United States v. Vela* (No. 22-40090) (5th Cir. 2022) ("Under the totality of the circumstances, the district court's decision not to grant Vela a seventeenth [sentencing] continuance was neither arbitrary nor capricious.").

## **CERTIFICATE OF SERVICE**

I, Rhonda P. Lowe, Esquire, hereby certify a true and correct copy of

DEFENDANT'S REPLY TO OPPOSITION has been served via email/ECF upon the following:

> Mark Dubnoff, Esquire
> Assistant United States Attorney

Dated: March 7, 2025                    */s/ Rhonda Pantellas Lowe*
                                        RHONDA PANTELLAS LOWE, ESQUIRE
                                        Counsel for Derrell Johnson